**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04991-NYW

JUAN MANUEL GALLEGOS HERRADA,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
JUAN BALTASAR, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5], and Petitioner has replied, [Doc. 6]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Juan Manuel Gallegos Herrada ("Petitioner" or "Mr. Gallegos Herrada") is a citizen of Mexico, who entered the United States in or about 1994. [Doc. 1 at ¶¶ 3, 31]. On or about August 22, 2026, the Department of Homeland Security ("DHS") arrested him, and he is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 32].

On September 22, 2026, Petitioner was provided a custody redetermination

hearing before the immigration judge ("IJ"). [*Id.* at ¶¶ 34, 38]. In support of his release, "Petitioner submitted a detailed written brief and 466 pages of evidence," which, in part, disclosed two DUI convictions from 2004 and 2017. [*Id.* at ¶¶ 35-37]. DHS opposed release on bond due to Petitioner's DUI convictions. [*Id* at ¶ 41]. On September 23, 2026, the IJ denied bond in a written order, stating:

> Upon review of the totality of the custody proceedings record including the documentary evidence, proffer, and testimony, the Court finds Respondent did not establish that he is not a danger to the community. Respondent has two past convictions for alcohol-related driving offenses. While the most recent conviction was in 2017, the Court notes there was a significant time lapse between his first conviction and his second, and the Court finds he has not established rehabilitation after the second to the extent that there are no longer concerns regarding danger.

[*Id.* at ¶¶ 42-43; Doc. 1-2 at 1].

In his Petition, Mr. Gallegos Herrada raises five due process claims under the Fifth Amendment: (1) "Dangerous Determination Without a Meaningful Assessment of Present Risk"; (2) "Failure to Consider Material Evidence and Provide a Meaningful Opportunity to Be Heard"; (3) "Unconstitutional Burden Allocation and Risk of Erroneous Deprivation"; (4) "Deficient Decision and Record Denied Meaningful Review"; and (5) "Denial of a Meaningful Opportunity to Present Material Rehabilitation Testimony." [Doc. 1 at ¶¶ 52-97]. He seeks, among other things, his immediate release. [Doc. 1 at 20-21].

In their Response, Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case," and they "recognize that the Court may then decide to grant the Petition and award appropriate relief." [Doc. 5 at 1-2]. They submit that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [*Id.* at 2] (emphasis in original).

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

The Court's analysis begins and ends with Claim 3. Petitioner argues that the IJ improperly placed the burden on him to establish that his release on bond was warranted. [Doc. 1 at ¶¶ 66–78]. He asserts that, because the IJ required "Petitioner to disprove dangerousness . . . without applying the Government's constitutionally required burden, the custody hearing violated the Fifth Amendment." [*Id.* at ¶ 78].

Courts determine "the type of process required in a given case" using the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (quoting *Marin v. King*, 720 F. App'x 923, 940–41

(10th Cir. 2018)). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest affected by the Government action—Petitioner's freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of placing the burden at the bond hearing on the Government. *Kuzmic v. Baltasar*, No. 26-cv-00577-CYC, 2026 WL 1291853, at *3 (D. Colo. May 12, 2026).

The second factor also weighs in Mr. Gallegos Herrada's favor. "[R]equiring a noncitizen to prove that they are *not* a flight risk and *not* a danger to the community is an inherently more difficult burden to meet than proving the affirmative," since "'[a]s a practical matter it is never easy to prove a negative.'" *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *10 (D. Colo. Jan. 13, 2026) (quoting *Elkins v. United States*, 364 U.S. 206, 218 (1960)); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 31 (1st Cir. 2021) ("[P]roving a negative (especially a lack of danger) can often be more difficult than proving a cause for concern."). Placing the burden on Petitioner to prove

two negatives necessarily puts him "behind the eight ball in a bond proceeding, and the opportunities for prejudicial error abound." *Hernandez-Lara*, 10 F.4th at 31.

Finally, the Court must consider the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens that would result from placing the burden on the Government at Petitioner's § 1226(a) bond hearing. *See* [Doc. 5]. And since the Tenth Circuit has made clear that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)," *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026), "any additional costs from shifting the burden of proof to the Government seem negligible," *Vizguerra-Ramirez v. Baltazar*, No. 25-cv-00881-NYW, 2025 WL 3653158, at *14 (D. Colo. Dec. 17, 2025); *see also Alfaro Herrera*, 2026 WL 91470, at *11 (recognizing that "it is likely that a government attorney would attend any bond hearing and prepare and marshal evidence of any possible danger or flight risk, regardless of which party bore the burden," and "[r]equiring that the government affirmatively present its position and evidence is unlikely to change that"). This factor weighs in Petitioner's favor.

Upon review of the *Mathews* factors, the Court finds that due process requires placing the burden on the Government at Petitioner's § 1226(a) hearing.[1] The record

---

[1] A number of other Courts in this District have reached similar conclusions. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026) (Sweeney, J.) (granting habeas petition where the petitioner bore the burden at his bond hearing, so hearing was constitutionally inadequate); *Merino-Moran v. Baltasar*, No. 26-cv-01309-RMR, ECF No. 15 at 6–7 (D. Colo. Apr. 24, 2026) (Rodriguez,

here shows that, when denying bond, the IJ explicitly stated that "[Mr. Gallegos Herrada] did not establish that he is not a danger to the community" and that he "has not established rehabilitation." [Doc. 1-2 at 1]. Thus, the IJ erroneously placed the burden on Mr. Gallegos Herrada, rather than the Government, such that he is entitled to habeas relief.

Petitioner requests a Court order directing Respondents to immediately release him from custody. [Doc. 1 at 20]. Respondents do not oppose the relief sought by Petitioner; indeed, they "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents . . . release Petitioner from detention." [Doc. 5 at 2] (emphasis in original). Accordingly, the Court will order Petitioner released. The Petition is therefore respectfully **GRANTED** as to the request for an order that Petitioner be immediately released.[2]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

---

J.) (granting habeas petition because "the burden of proof should have been placed on the Government" at the petitioner's bond hearing); *Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025) (Gallagher, J.) (finding that the respondents' "failure to provide Petitioner with a detention hearing at which the government bore the burden of proof violated her Fifth Amendment rights"); *Kuzmic*, 2026 WL 1291853, at *2 (Chung, M.J.) (holding that "the government bears the burden at such a hearing of proving dangerousness by clear and convincing evidence and of proving flight risk by a preponderance of the evidence"); *see also Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) (Martínez, J.) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up));

[2] To the extent Petitioner asks the Court to award him attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 1 at 21], this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3.

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 28, 2026,** the Parties **SHALL FILE** a joint status report confirming that Petitioner was released and indicating whether any additional proceedings in this matter are required.

DATED: October 21, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge