**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04991-NYW

JUAN MANUEL GALLEGOS HERRADA,

Petitioner,

v.

NATHAN RASPER, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
JUAN BALTASAR, in his official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

---

## ORDER

---

This matter is before the Court on Petitioner's Opposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion" or "Motion for EAJA Fees"). [Doc. 10]. Respondents filed a Response. [Doc. 12]. While the time to file a reply has not yet lapsed, this Court finds that it is appropriate to proceed. D.C.COLO.LCivR 7.1(d). For the reasons herein, the Motion for EAJA Fees is respectfully **GRANTED**.

## BACKGROUND

On October 6, 2026, Juan Manuel Gallegos Herrada ("Petitioner" or "Mr. Gallegos Herrada") filed his Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Mr. Gallegos Herrada is a citizen of Mexico, who entered the United States in or about 1994. [*Id.* at

---

[1] Pursuant to Rule 25(d), Nathan Rasper is substituted in as the current officeholder.

¶¶ 3, 31]. On or about August 22, 2026, the Department of Homeland Security ("DHS") arrested him and detained him at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 32].

On September 22, 2026, Petitioner was provided a custody redetermination hearing before the immigration judge ("IJ"). [*Id.* at ¶¶ 34, 38]. In support of his release, "Petitioner submitted a detailed written brief and 466 pages of evidence," which, in part, disclosed two DUI convictions from 2004 and 2017. [*Id.* at ¶¶ 35–37]. DHS opposed release on bond due to Petitioner's DUI convictions. [*Id* at ¶ 41]. On September 23, 2026, the IJ denied bond in a written order, stating:

> Upon review of the totality of the custody proceedings record including the documentary evidence, proffer, and testimony, the Court finds Respondent did not establish that he is not a danger to the community. Respondent has two past convictions for alcohol-related driving offenses. While the most recent conviction was in 2017, the Court notes there was a significant time lapse between his first conviction and his second, and the Court finds he has not established rehabilitation after the second to the extent that there are no longer concerns regarding danger.

[*Id.* at ¶¶ 42–43; Doc. 1-2 at 1].

This Court found that due process required placing the burden on the Government, not Mr. Gallegos Herrada, at Petitioner's § 1226(a) hearing, and the record demonstrated that, when denying bond, the IJ explicitly stated that "[Mr. Gallegos Herrada] did not establish that he is not a danger to the community" and that he "has not established rehabilitation." [Doc. 1-2 at 1]. Thus, this Court concluded that the IJ erroneously placed the burden on Mr. Gallegos Herrada, and that he was entitled to habeas relief. [*Id.* at 6].

The Court granted the Petition on October 21, 2026, ordered Petitioner released from custody within 48 hours. [*Id.* at 7]. Final judgment entered on October 28, 2026. [Doc. 11]. On October 27, 2026, Petitioner filed the instant Motion for EAJA Fees

followed, [Doc. 10], to which Respondents have responded, [Doc. 12].

## LEGAL STANDARD

Except as otherwise specifically provided by statute, the Equal Access to Justice Act ("EAJA") authorizes the Court to award attorney's fees and expenses in civil actions brought by or against the United States or any agency or any official of the United States to a prevailing party (other than the United States), unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has expressly held that habeas actions challenging immigration detention constitute "civil actions" under the EAJA. *See Daley v. Ceja*, 158 F.4th 1152, 1156 (10th Cir. 2025). "Under the EAJA a party can recover attorney's fees against the United States if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is eligible to receive an award; and (4) the amount sought is reasonable." *Alarcon v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 2085614, at *2 (D. Colo. July 17, 2026).

Respondents bear the burden of showing that their legal positions were substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id*. This Court considers the totality of the circumstances because, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner v. Jean*, 496 U.S. 154, 161–62 (1990). Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry

and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009).

**ANALYSIS**

In their Response, Respondents argue that this Court should decline to or delay the award fees under the EAJA because, despite the Tenth Circuit's ruling in *Daley*, the issue as to whether EAJA fees are available in habeas cases is now before the Supreme Court. [Doc. 12 at 2 (citing *Montoya v. Liggins*, --- U.S. ----, 146 S. Ct. 2789, 2026 WL 1855057 (U.S. June 29, 2026))]. It is well-settled that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket" and may "stay proceedings pending before it . . . for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (quotations omitted). The only argument that Respondents make for denying or staying the adjudication of this Motion is that the issue of whether a prevailing petitioner in an immigration habeas case is eligible for fees under the EAJA is pending before the Supreme Court. [Doc. 12 at 2]. But as noted by Respondents, the Tenth Circuit definitively ruled on the issue on November 3, 2025—well-before Mr. Gallegos Herreda even filed his Petition. *See Daley*, 158 F.4th 1152. This Court remains bound by published Tenth Circuit decisions, like *Daley*, unless they have been overruled by the Tenth Circuit sitting en banc or superseded by a contrary Supreme Court decision. *Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). Accordingly, this Court finds no good cause to stay the adjudication of the instant Motion for EAJA Fees.

Respondents do not contest Petitioner's other arguments, including those relating to prevailing party status, substantial justification, or the reasonableness of the fee

amount claimed (including the reasonable hourly rate or the number of hours claimed). [Doc. 12 at 2]. Because Respondents do not contest Petitioner's positions on these issues, this Court deems any challenges to these issues waived. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived).

Upon review of the record, including but not limited to the attorneys' declarations and description of hours expended, this Court has satisfied itself that Mr. Gallego-Herrada is the prevailing party and the number of hours claimed by Mr. Gallego-Herrada's attorney is reasonable. However, this Court cannot agree that the EAJA hourly rate, adjusted to the cost-of-living, of $270.50 per hour is reasonable in this case. "EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee." *Morales Lopez v. Baltazar*, 834 F. Supp. 3d 1193, 1206 (D. Colo. 2026). Here, Mr. Gallegos Herreda's attorney charges a normal billing rate of $250 per hour. [Doc. 10-1 at ¶ 4]. Therefore, this Court finds that $250 per hour is the appropriate reasonable hourly rate.

The Court further notes that Respondents bear the burden of showing that their legal positions were substantially justified, and by failing to even address the issue, they have failed to carry their burden.

**CONCLUSION**

(1) Petitioner's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act [Doc. 10] is **GRANTED**; and

(2) Petitioner is **AWARDED $2,500** in attorney's fees pursuant to the Equal Access to Justice Act.

DATED: November 18, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge